PER CURIAM.
Prior to dissolution of the marriage between Warren B. Whitener and Ollie V. Whitener a corporation was formed, Whitener Builders, Inc. These consolidated appeals are from a final judgment entered in a case instituted by Ollie V. Whitener against the corporation, Whitener Builders, Inc., and her former husband Warren B. Whitener in which case Whitener Builders, Inc. filed a counter-claim. No useful purpose will be served by here reciting the numerous assertions and denials contained in the pleadings and the evidence subsequently adduced. Suffice to say that after receiving extensive conflicting evidence the learned and able trial judge entered a final judgment containing 22 specific findings of fact. Attacking that final judgment the parties assign numerous errors and argue in their briefs four separate points on appeal, only one of which points we find meritorious.
The trial judge found that the certificate of incorporation of Whiteners Builders, Inc. filed in the office of the Secretary of State recited Ollie V. Whitener to be a subscriber and that she agreed to take 23 shares of the stock of the corporation. In a subsequent portion of the final judgment the trial judge recited as a finding “That although the plaintiff, Ollie V. Whitener, did not receive the 23 shares of common stock, equity deems that done which should have been done, and this court finds that the plaintiff is entitled to 23 shares of such stock and defendant, Warren B. Whitener, 26 shares of such stock in Whitener Builders, Inc., a Florida corporation.” Although the latter finding is not carried forward into the adjudicatory portion of the final judgment, Whitener Builders, Inc., being fearful that failure to challenge the finding might result in it becoming res adjudicata, assigned it as error and asserted as a point on appeal that the trial court committed reversible error by ruling that a subscriber of corporate capital stock is entitled to the issuance of corporate capital stock by the corporation without proof that the subscribers in fact paid for it. Without determining whether a finding recited in a final judgment which is not incorporated into the adjudicatory portion of the final judgment becomes, if unchallenged, res adjudicata, it does appear that the trial judge failed to determine whether Ollie V. Whitener, although a subscriber, ever became legally entitled to issuance of said stock as a result of purchase, gift or otherwise.
Accordingly, as to that issue only, jurisdiction is relinquished to the trial court for the purpose of receiving additional evidence if necessary and conducting such proceedings as may be appropriate to make the requisite findings and adjudication therein. A certified copy of such order as the trial court may enter pertaining to that issue shall be promptly filed in the office of the Clerk of this Court whereupon jurisdiction shall revest in this Court. The parties may thereupon, if they so desire, within 30 days thereafter, file such briefs and supplemental record as they deem necessary, whereupon this Court will without further oral argument, finally rule upon such point.
In all other respects the final judgment here appealed is affirmed.
No petition for rehearing will be entertained until after jurisdiction has revested in this Court and this Court has finally ruled upon the point pertaining to which jurisdiction is relinquished by this order.
It is so ordered.
BOYER, C. J., McCORD, J., and SCHLEGEL, LEW E., Associate Judge concurs.